OR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BARBARA A. PANNELL,<br>  Plaintiff, | §<br>§<br>§ |
| vs. | §    CIVIL ACTION NO. _____ |
| | § |
| FIRST CASH FINANCIAL<br>SERVICES, INC.,<br>  Defendant. | §<br>§<br>§ |

## PLAINTIFF, BARBARA A. PANNELL'S, ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Barbara A. Pannell, hereinafter called Plaintiff, complaining of and about First Cash Financial Services, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Barbara A. Pannell, is a citizen of the United States and the State of TX and resides in Tarrant County, TX.

2. Defendant First Cash Financial Services, Inc. may be served by serving Phillip E. Powell, its agent authorized to accept service at 690 East Lamar Blvd., Suite 400, Arlington, Texas 76011.

### JURISDICTION

3. The action arises under 28 U.S.C. Sections 1331, 1343(4), 2201 and 2202 as hereinafter more fully appears.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

### NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 2000e et. seq. as

1

amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7. Ms. Pannell was repeatedly and continuously sexually harassed by her supervisor, Mr. Ricky Pruitt. This harassment was both verbal and physical in nature. She complained to the regional manager, who promised to speak with her, but never did so. She attempted to complain to the Human Resources director, but her phone calls were not returned. She was transferred to another store, and that store manager, a friend of Mr. Pruitt, retaliated against Ms. Pannell with abusive and irrational behavior. On one shift, she was made to work with Mr. Pruitt, who continued with his harassing behavior. She again attempted to notify Mike Moody, manager; and Mr. Moody advised her to go home. Defendant continued to schedule Plaintiff to work shifts in which she would be working with Mr. Pruitt. Ultimately, this resulted in her constructive discharge.

## SEXUAL HARASSMENT

8. Defendant, First Cash Financial Services, Inc., intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

9. Defendant, First Cash Financial Services, Inc., intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her

status because of Plaintiff's sex in violation of 42 U.S.C. Section 2000e (2) (a).

10. Defendant, First Cash Financial Services, Inc., intentionally classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to male employees similarly situated in violation of 42 U.S.C. Section 2000e (2) (a).

11. Defendant sexually harassed Plaintiff, as described above, in violation of her rights under 42 U.S.C. Section 2000e (2) (a). Defendant, First Cash Financial Services, Inc., knew or should have known of the harassment, yet failed to take prompt remedial action

12. Plaintiff alleges that Defendant, First Cash Financial Services, Inc., sexually harassed Plaintiff on the basis of sex with malice or with reckless indifference to the federal-protected rights of Plaintiff.

## CONSTRUCTIVE DISCHARGE

13. First Cash Financial Services, Inc. made the working conditions so intolerable that Plaintiff felt compelled to resign her position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY FIRST CASH FINANCIAL SERVICES, INC.

14. Defendant First Cash Financial Services, Inc. intentionally or recklessly allowed and ignored Mr. Pruitt's sexual harassment of Plaintiff. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## NEGLIGENT HIRING, SUPERVISION AND RETENTION
## BY FIRST CASH FINANCIAL SERVICES, INC.

15. Plaintiff alleges that the conduct of Defendant First Cash Financial Services, Inc. constituted negligent hiring, supervision and retention. Plaintiff alleges

that Defendant First Cash Financial Services, Inc. did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether Ricky Pruitt was unfit, incompetent, or a danger to third parties. Defendant First Cash Financial Services, Inc. knew or should have known that Ricky Pruitt was unfit and could foresee that Ricky Pruitt would come in contact with Plaintiff, creating a risk of danger to Plaintiff. Defendant First Cash Financial Services, Inc.'s failure to exercise reasonable care in the hiring, supervision and retention of Ricky Pruitt was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

## DAMAGES

16. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

   b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

   c. Emotional pain;

   d. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

   e. Interest;

   f. Mental anguish in the past; and

   g. Mental anguish in the future.

## EXEMPLARY DAMAGES

17. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in

unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

18. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

    a. Prohibit by injunction the Defendant from engaging in unlawful employment practices; and

    b. Rehire Plaintiff.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Barbara A. Pannell, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
C. Christia Cooke Hudnell
Texas Bar No. 004758500
15851 Dallas Parkway, Suite 600
Addison, Texas 75001
Tel. (214)561-8675
Fax. (214)561-8676
Attorney for Plaintiff
Barbara A. Pannell

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

5