FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2004 APR 27 AM 9:20

CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| BARBARA A. PANNELL, | § | |
| Plaintiff, | § § § | |
| v. | § | CASE NO. 4:04CV-0214A |
| FIRST CASH FINANCIAL SERVICES, INC., | § § § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant First Cash Financial Services, Inc., (herein "Defendant" or "First Cash") and hereby files its Original Answer and Affirmative Defenses, and would respectfully show the Court as follows:

### PARTIES AND SERVICE

1. Admitted.

2. Admitted.

### JURISDICTION

3. Defendant admits that Plaintiff has alleged claims that raise a federal question and give rise to federal jurisdiction; however Defendant denies that Plaintiff's claims have any validity under fact or law. Further, Defendant alleges that Plaintiff's claims are subject to arbitration under the Federal Arbitration Act and an agreement entered into by Plaintiff.

4. Defendant admits that Plaintiff has alleged state law claims that could be litigated under the court's supplemental jurisdiction; however Defendant denies that Plaintiff's claims have any validity under fact or law. Further, Defendant alleges that Plaintiff's claims are subject to arbitration under the Federal Arbitration Act and an agreement entered into by Plaintiff.

### NATURE OF ACTION

5. Defendant admits that this action is brought under Title VII of the Civil Rights Act of 1964, as amended, and Plaintiff alleges discrimination on the basis of sex. Defendant denies the remaining allegations of Paragraph 5 of Plaintiff's Petition.

### CONDITIONS PRECEDENT

6. Denied.

### FACTS

7. Denied.

### SEXUAL HARASSMENT

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

### CONSTRUCTIVE DISCHARGE

13. Denied.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

14. Denied.

### NEGLIGENT HIRING, SUPERVISION, AND RETENTION BY FIRST CASH FINANCIAL SERVICES, INC.

15. Denied.

### DAMAGES

16. Defendant admits that Plaintiff is requesting the relief listed in subparagraphs (a) - (g) of Paragraph 16, but denies that Plaintiff is entitled to any such relief.

### EXEMPLARY DAMAGES

17. Defendant admits that Plaintiff is requesting the relief listed in Paragraph 17, but denies that Plaintiff is entitled to any such relief.

### SPECIFIC RELIEF

18. Defendant admits that Plaintiff is requesting the relief listed in Paragraph 18, subparagraphs (a) and ((b), but denies that Plaintiff is entitled to any such relief.

### PRAYER

19. Defendant admits that Plaintiff is requesting the relief listed in the Prayer, but denies that Plaintiff is entitled to any such relief.

### AFFIRMATIVE DEFENSES

20. Plaintiff wholly fails to state a claim upon which relief may be granted, and therefore her claims should be dismissed.

21. Plaintiff's claims are subject to Arbitration pursuant to an agreement between Defendant and Plaintiff, and the Court should therefore compel the Plaintiff to Arbitration.

22. Defendant affirmatively asserts that any allegations which may be brought in regards to Title VII are limited to those allegations which are like or related to those found in a timely filed charge of discrimination filed with the U.S. Equal Opportunity Commission (EEOC), and which resulted in the EEOC issuing a right to sue letter. Any other claims must be dismissed for failure to exhaust administrative remedies.

23. Defendant affirmatively asserts that any claims arising more than 300 days prior to Plaintiff's filing a charge of discrimination with the EEOC and arising more than 180 days prior to Plaintiff's filing a charge of discrimination with the TCHRA are time barred and must be dismissed.

24. Defendant affirmatively asserts that Plaintiff has suffered no actual damages, with the result that she is not entitled to any punitive damages.

25. Defendant affirmatively asserts that to the extent Plaintiff has suffered any actual damages – something which Defendant denies – Plaintiff has failed to mitigate those damages.

26. Defendant affirmatively pleads all applicable statutes of limitations.

27. Defendant affirmatively pleads the defense of the after-acquired evidence doctrine.

28. Plaintiff's claims are barred in whole or part by consent, waiver, estoppel, latches, and/or unclean hands.

29. Plaintiff's claim for recovery of mental anguish, compensatory, and punitive damages, if any, for the alleged violations of Title VII and of the Texas Commission on Human Rights are limited by the damage caps in 42 USC 1981a, and the damage caps in the Texas Labor Code.

30. Plaintiff's claim for recovery of punitive damages, if any, is limited by the United States Constitution, as explained in *BMW of No. America v. Gore*, 517 U.S. 559 (1996) and under Texas law by TEX. CIV. PRAC. & REM. CODE §§ 41.001 *et. seq.*

31. Defendant affirmatively asserts that it made a good faith attempt to comply with the requirements of Title VII and the Texas Commission on Human Rights, and therefore Plaintiff should not be awarded any punitive damages.

32. Defendant exercised reasonable care to prevent and correct promptly any claim made by Plaintiff that she was subjected to a sexually hostile work environment.

33. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

WHEREFORE, PREMISES CONSIDERED Defendant First Cash Financial Services, Inc. hereby prays that upon final hearing in this cause, it be dismissed from all claims made by Plaintiff and that Plaintiff take nothing by such claims, that all costs be adjudged against Plaintiff, and that Defendant receive such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

*[signature]*

Michael P. Maslanka
State Bar No.13148800
Theresa M. Gegen
State Bar No. 00793791

**GODWIN GRUBER, LLP**
1201 Elm Street, Suite 1700
Dallas, Texas 75270
(214) 939-4400 Telephone
(214) 760-7332 Telecopier

**ATTORNEYS FOR DEFENDANT
FIRST CASH FINANCIAL SERVICES, INC.**

**OF COUNSEL:**

Patrick E. Gaas, Esq.
State Bar No. 07562790
Coats | Rose
3 Greenway, Suite 2000
Houston, Texas 77046
(713) 653-7387 direct line
(713) 651-0220 fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served **via certified mail, return receipt requested** upon the following counsel of record on this 28th day of April, 2004 as follows:

<u>Fax No. (214) 561-8675</u>
C. Christia Cooke Hudnell
15851 Dallas Parkway, Suite 600
Addison, Texas 75001

*[signature]*
Michael P. Maslanka/ Theresa M. Gegen
