

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARBARA A. PANNELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:04-CV-214-A |
| | § | |
| FIRST CASH FINANCIAL | § | |
| SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

O R D E R

This order pertains to preparation of a status report and also contains directives that will govern procedures applicable throughout the pendency of this action.

Counsel[1] are directed to confer for the purpose of submitting a Joint Status Report in this case. The Joint Status Report shall be filed by 4:30 p.m. on May 27, 2004, and shall address in separate paragraphs each of the following matters:

(1) A brief statement of the nature of the case, including the contentions of the parties;

(2) Any challenge to jurisdiction or venue;

(3) Any pending motions (including the dates of filing of motions and responses), an estimate of time needed to file any contemplated motions and a description of anticipated motions;

(4) Any matters which require a conference with the court;

(5) Likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties;

---

[1]The term "counsel" as used herein includes pro se parties. For example, the term "plaintiff's counsel" means the plaintiff himself or herself if proceeding pro se.

     (6)   Requested trial date, estimated length of trial, and whether jury has been demanded;

     (7)   Prospects for settlement, and status of any settlement negotiations; and

     (8)   Any other matters relevant to the status and disposition of this case.

Any differences between counsel as to the status of any of the above matters must be set forth in the report.

Plaintiff's counsel is responsible for initiating the status conference and for filing the Joint Status Report. All counsel must participate in the conference and shall sign the Joint Status Report.

Prior to the filing of the Joint Status Report, the parties and their respective lead counsel shall meet face-to-face to discuss settlement of this action. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority, and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against the party in this action, a representative of each insurance company providing such coverage who has full authority to offer to pay policy limits in settlement shall be present at, and participate in, the settlement conference in person, not by telephone or other remote means. The court expects the parties to comply with the requirements of Rule LR 16.3(a) of the Local Civil Rules of this court ("Local Civil Rules") that the parties

make a good faith effort to settle.  The parties shall include in
their Joint Status Report a report detailing the date on which
the settlement conference was held, the persons who were present,
including the capacity of any representative who was present, a
statement regarding whether meaningful progress toward settlement
was made, and a statement regarding the prospects of settlement.
Dollar amounts of offers and demands are not to be disclosed if
the case is to be tried non-jury.

     No process shall be served upon any person in attendance at
any conference held pursuant to the requirements of this order.

     Failure to timely submit the Joint Status Report or to
cooperate in the preparation and the filing of the report or to
participate as required in the settlement conference may result
in the imposition of sanctions, including dismissal or entry of
default without further notice.   See FED. R. CIV. P. 16(f).

     The court reminds the parties that a response and brief to
an opposed motion must be filed within twenty (20) days from the
date the motion is filed, Local Civil Rule LR 7.1(e), and that a
reply brief may be filed within fifteen (15) days from the date
the response is filed, Local Civil Rule LR 7.1(f).  Each motion
shall be deemed to be ripe for ruling by the court at the end of
such time period.  If the court concludes that the motion should
be granted, the court normally will not await a reply before
ruling.  As a general rule, motions will be ruled upon without
hearing; however, hearings will be scheduled as appropriate.

All parties and attorneys in this action are reminded of the provisions of FED. R. CIV. P. 11 and Local Civil Rules LR 7.1, LR 10.1, LR 83.7, LR 83.9, and LR 83.10.  The rules do not contemplate that law firms are, or will be, admitted or authorized to practice before this court.  Instead, the representation is to be provided by individual attorneys who qualify to practice before this court under the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10.  Nor do the rules contemplate that simulated signatures of attorneys of record can be used, instead of actual signatures, on pleadings, motions, etc.

The court ORDERS that from this point forward all parties to this action, and their counsel, shall strictly comply with the requirements of the above-mentioned rules, and that, in the course of doing so:

(1)   Each attorney who participates in a conference contemplated by Local Civil Rule LR 7.1 shall be an attorney of record who is admitted to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(2)   Each certificate of service and certificate of conference shall be signed by either a pro se party or an attorney of record who is admitted or authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

4

(3)   A simulated signature of an attorney or party is
unacceptable and will not be used;

(4)   None of the items filed with the papers in this
action is to be signed by a law firm, as opposed to
individual attorneys who are admitted or authorized to
practice before this court pursuant to the provisions of
Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(5)   None of the items filed with the papers in this
action is to be signed by an attorney who is not authorized
to practice before this court pursuant to the provisions of
Local Civil Rules LR 83.7, LR 83.9, or LR 83.10; and

(6)   Each pro se party shall sign each item filed by
him or her on his or her own behalf.

The court will consider ordering the denial of the relief
sought by any item that has not been properly prepared, signed or
filed or the ordering that such an item be stricken from the
record of this case.

The court further ORDERS that: Each evidentiary item,
including any exhibits, filed in connection with any pleading or
other paper, shall be clearly marked by the exhibit number or
letter, or other designation if any, assigned to the item.  All
such items shall be filed as attachments, or in a separate
volume, bearing consecutive page numbers and appropriate index
tabs so that the court can readily locate each item.   Each
collection of evidentiary items shall have at the front a table
of contents giving the description of each item in the collection

5

and the tab and page number where the item can be found. Evidentiary items shall not be put together in such a fashion as to make them unwieldy. An item or collection of items of more than fifty pages shall be spiral-bound on the side. Counsel shall highlight, as appropriate, those portions of the items that are of particular pertinence. Submission to the court of any collection of cases or other legal authorities will be handled in a manner comparable to the foregoing directions relative to evidentiary items.

Further, counsel are reminded that the federal rules contemplate <u>only</u> that statements in <u>pleadings</u> may be adopted by reference. FED. R. CIV. P. 10(c). Attempted incorporation by reference of any other material may not be considered by the court.

THE COURT SO ORDERS.

SIGNED April 27, 2004.

JOHN McBRYDE
United States District Judge